

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Michael Mitchell

_____,

Plaintiff(s),

vs.

Judge Pavlus - Judge Murphy - ASA De Groot

ASA Costa - ASA Dooling - ASA Nazarian
ASA Naomi Tovar - ASA Zahra
                Ermoin

Defendant(s).

**RECEIVED**
MAR 27 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No.

_____

1:25-cv-03292
Judge April M. Perry
Magistrate Judge Young B. Kim
RANDOM / Cat. 1

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is Michael Mitchell_____.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4. Defendant, Judge Lorraw Murphy ASA Dooley, Karin ASA Nancy Judge Paul Pavlus ASA Ryan DeGroot ASA Kaitlyn Costa, is
(name, badge number if known) Nazarian

☒ an officer or official employed by Cook County Judicial System Cook County States Attorney ;
(department or agency of government)

or

☐ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5. The municipality, township or county under whose authority defendant officer or official acted is Cook Count 2ND Municipal Distr. As to plaintiff's federal constitutional claims, the municipality, township or county is a defendant only if custom or policy allegations are made at paragraph 7 below.

6. On or about April May August 2024, at approximately 10:00 ☒ a.m. ☐ p.m.
(month, day, year)
plaintiff was present in the municipality (or unincorporated area) of 2ND Municipal District Skokie Illinois, in the County of Cook,
State of Illinois, at 5600 Old Orchard Rd 60077,
(identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

☒ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;
☐ searched plaintiff or his property without a warrant and without reasonable cause;
☐ used excessive force upon plaintiff;
☒ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;
☐ failed to provide plaintiff with needed medical care;
☒ conspired together to violate one or more of plaintiff's civil rights;
☐ Other: Judge Sutker-Dermer failed to intervene when I advised her about evidence withheld. She did nothing

2

_____.

7. Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following: (**Leave blank if no custom or policy is alleged**):_____

_____

_____

_____.

8. Plaintiff was charged with one or more crimes, specifically:

    _Aggravated battery_____

    _____

    _____

    _____.

9. (*Place an X in the box that applies. If none applies, you may describe the criminal proceedings under "Other"*) The criminal proceedings

    ☒ are still pending.

    ☐ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

    ☐ Plaintiff was found guilty of one or more charges because defendant deprived me of a fair trial as follows_____

    _____.

    ☐ Other: _____.

---

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

3

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

(SEE Attachment)

11. Defendant acted knowingly, intentionally, willfully and maliciously.  YES

12. As a result of defendant's conduct, plaintiff was injured as follows:

No physical injuries

13. Plaintiff asks that the case be tried by a jury.  ☒ Yes   ☐ No

4

Case: 1:25-cv-03292 Document #: 1 Filed: 03/27/25 Page 5 of 14 PageID #:5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B. ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: Michael Mitchell

Plaintiff's name *(print clearly or type)*: Michael Mitchell

Plaintiff's mailing address: 719 Asbury Ave

City Evanston   State IL   ZIP 60202

Plaintiff's telephone number: (224) 307-9474

Plaintiff's email address *(if you prefer to be contacted by email)*: worldbefree323@yahoo.com

15. Plaintiff has previously filed a case in this district. ☒ Yes ☐ No

*If yes, please list the cases below.* 1:25-cv-02545

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IN THE UNITED STATES DISTRICT COURT FOR THE
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Michael Mitchell
Plaintiff

Vs

People of the State of Illinois
Cook County State's Attorney's
2nd Municipal District Courthouse in Skokie
Also Judge Lorrain Murphy and Judge Paul Pavlus


PETITION FOR REMOVAL PURSUANT TO
28 U.S.C. SS 1441 and 28 U.S.C. 1447 and 28 U.S.C. § 1446
FOR VIOLATIONS OF BRADY VS MARYLAND
STUTUE U.S.C. 1963


COMES NOW Michael Mitchell Pro Se Litigant in his own proper persons sui juris and moves this court as following PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. § 1446(d); see also Ackerman v. ExxonMobil Corp. (4th Cir. 2013) 734 F3d 237, 249–250 (any post removal action by state court is void ab initio). 28 U.S.C. SS 1441 and 28 U.S.C. 1447 28 U.S.C. SS 1441 and 28 U.S.C. 1447 STUTUE U.S.C. 1963. Also See 28 U.S.C. § 1446(e); see also Rollwitz v. Burlington Northern Railroad (D MT 1981) 507 F.Supp. 582, 584.

PROCEDURAL POSTURE

1. On January 12, 2024, I was charged with aggravated battery. I chose to appear Pro Se.

2. On several court dates starting in February I asked for discovery. The State's Attorney Ryan DeGroot stated I would get it. After months passed on April 19, 2024, case #2024CR0166201 ASA DeGroot stated in open court there were only 3 hours of discovery to tender.

3. The 3 hours that ASA DeGroot said he would tender he didn't tender. He made arrangements for me to only view the discovery with a State Investigator overseeing the viewing.

Page 1 of 9

4. SA DeGroot insisted that I sign acknowledgment of there being only 3 hours that was available for my defense. I refused because I knew there was more. He tendered a spread sheet but no video of the interview with the State's Attorney who was called in to question the alleged victim. In interview witness admitted she attacked Plaintiff first, withheld by state.

5. There are 7 surveillance cameras that captured the activity before during and after me being attacked. SA refused to tender it. He stated I could only view 3 hours on 3 separate court dates.

6. I later put in a lawsuit against him because he withheld exculpatory. He was taken off the case because he refused.

7. Later on August 9, 2024, SA Karin Dooley and SA Caitlyn Costa took over the case. Both stated there were an additional 5 hours of discovery. Then Judge Lorrain Murphy insisted I sign acknowledgement of the discovery. I refused again. Judge Murphy eventually asked the SAs if they had more than 3 hours. SA Costa stated in open court "yes judge there is more than 15 hours of discovery". Judge Murphy then asked, "why don't you give it to him"? Costa stated my co-counsel, and I are not comfortable with giving it to him.

8. Judge Murphy stated "he is not going to take just police reports, you have to give him what he needs. This is going to come back to you in the long run". Later she recused herself. SA Costa and Dooley still refused to give full discovery I filed a civil suit then they were taken off case.

9. In October of 2024, a 4th SA, Nancy Navarian, took over as prosecutor. The newly appointed, Judge Pavlus, who was very familiar with the case because he often subbed for Murphy was presiding now. Let the record show Judge Pavlus made a statement that should have him removed from the bench. He asked the courtroom staff "we have a Pro Se guy waiting to come in should we let him in here?". As proceedings continued I tried to explain to him I was deprived of full discovery. At that point AS Nazarian said we have full discovery on two flash drives. I initially refused but minutes later I accepted what they presented under a threat by the Judge Pavlus. He stated I would not get anything if I do not accept what the SA wanted to tender that day.

10. After accepting the flash drive the judge stated now you have everything. However, when I got home the flash drive that was supposed to have all 21 hours of discovery was blank.

11. On the next court date Oct 11th, 2024, SA Nazarian was caught on zoom camera discussing cases with Judge Pavlus. SA Nazarian then told Judge Pavlus I had violated a 'no contact' order with a neighbor who followed me to work. Judge Pavlus knew my neighbor and her daughter had followed me before because he saw video footage. Judge Pavlus had me taken into custody for 'no contact'. He did this knowing I had filed a lawsuit against him for depriving me of my rights. That civil suit against him was to commence in two days. He had me illegally detained. I filed the same suit against SA Nazarian, she was eventually taken off the case.

12. Later, on February 3rd of 2025 a newly appointed SA Tovar was assigned to prosecute the case. I immediately stated I need full discovery. SA Tovar shook her head in a 'no' gesture. Judge Pavlus immediately stated, "you have discovery". Then with the direction of SA Tovar they set a date for trial knowing I did not have the discovery/evidence I needed to prove my innocence. There is over 20 hours of discovery including footage from a hidden camera inside a fake bird house that captured me being attacked. This attack of me was caught on a cell phone by the CW that the state refused to tender. I cannot get a fair trial in the 2nd Municipal District Courthouse in Skokie. My trial is to start April 17th and I do not have the evidence I need. The Chief of the Skokie State's Attorney's office is James Lynch. He directs all proceedings in this matter through his understudy SA Ryan DeGroot. The newly elected director of the State's Office is Eileen O'Neill, she is aware of the obstruction of justice of the Skokie office.

13. The Plaintiff realized his rights had been violated his constitutional rights under 42 U.S.C. ss 1983, 1985 and 1986.

14. The Plaintiff caused a motion for discovery under Rule 415 (g).

15. The Plaintiff who is Pro Se was told he could not get discovery video because he did not have an attorney. The Plaintiff then said the law states I get all exculpatory evidence. Then the judge asked, "what is your law?". She replied very arrogantly so I didn't bother to mention Brady vs Maryland.


LEGAL ARGUMENTS

Separate opinion of Mr. Justice WHITE.

1. The Maryland Court of Appeals declared, 'The suppression or withholding by the State of material evidence exculpatory to an accused is a violation of due process' without citing the United States Constitution or the Maryland Constitution which also has a due process clause. ⌑ We therefore cannot be sure which Constitution was invoked by the court below and thus whether the State, the only party aggrieved by this portion of the judgment, could even bring the issue here if it desired to do so. See New York City v. Central Savings Bank, 306 U.S. 661, 59 S.Ct. 790, 83 L.Ed. 1058; Minnesota v. National Tea Co., 309 U.S. 551, 60 S.Ct. 676, 84 L.Ed. 920. But in any event, there is no cross-petiton by the State, nor has it challenged the correctness of the ruling below that a new trial on punishment was called for by the requirements of due process. In my view, therefore, the Court should not reach the due process question which it decides. It certainly is not the case, as it may be suggested, that without it we would have only a state law question, for assuming the court below was correct in finding a violation of petitioner's rights in the suppression of evidence, the federal question he wants decided here still remains, namely, whether denying him a new trial on guilt as well as punishment deprives him of equal protection. There is thus a federal question to deal

with in this Court, cf. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, wholly aside from the due process question involving the suppression of evidence. The majority opinion makes this unmistakably clear. Before dealing with the due process issue it says, 'The question presented is whether petitioner was denied a federal right when the Court of Appeals restricted the new trial to the question of punishment.' After discussing at some length and disposing of the suppression matter in federal constitutional terms it says the question still to be decided is the same as it was before: 'The question remains whether petitioner was denied a constitutional right when the Court of Appeals restricted his new trial to the question of punishment. 'The result, of course, is that the due process discussion by the Court is wholly advisory.

2. In any event the Court's due process advice goes substantially beyond the withholding. I would employ more confining language and would not cast in constitutional form a broad rule of criminal discovery. Instead, I would leave this task, at least for new, to the rule-making or legislative process after full consideration by legislators, bench, and bar.

3. I concur in the Court's disposition of petitioner's equal protection argument.

## SPIELMAN MOTOR CO.

## VS

## DODGE

### Opinion of the court

The general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. *Hygrade Provision Co.* v. *Sherman*, 266 U.S. 497, 500. See, also, *In re Sawyer*, 124 U.S. 200, 209-211; *Davis Farnum Manufacturing Co.* v. *Los Angeles*, 189 U.S. 207, 217. To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights. See *Terrace* v. *Thompson*, 263 U.S. 197, 214; *Packard* v. *Banton*, 264 U.S. 140, 143; *Tyson* v. *Banton*, 273 U.S. 418, 428; *Cline* v. *Frink Dairy Co.*, 274 U.S. 445, 452; *Ex parte Young*, 209 U.S. 123, 161-162. We have said that it must appear that "the danger of irreparable loss is both great and immediate"; otherwise, the accused should first set up his defense in the state court, even though the validity of a statute is challenged. There is ample opportunity '96 for ultimate review by this Court of federal questions. *Fenner* v. *Boykin*, 271 U.S. 240, 243, 244.

Appellant's bill of complaint failed to meet this test. Appellant alleged that the District Attorney had applied to a magistrate of the city of New York for the issue of a summons directing the appearance of the appellant, to the end that an investigation should be made of a complaint against him for violation of the provisions of the "Motor Vehicle Retailing Code" and that an information charging violation should be drawn. He alleged that the District Attorney intended, unless restrained, to institute criminal proceedings. The state statute made any violation of the provisions of the code a misdemeanor punish- able by a fine not exceeding $500 for each offense. The bill contained general allegations of irreparable deniage and deprivation of "rights, liberties, properties, and immunities" without due process of law, if the statute were enforced. But the bill failed to state facts sufficient to warrant such conclusions, which alone were not enough. The bill alleged that appellant had a large business in buying and selling motor vehicles, but the statute did not prohibit the continuance of that business and the bill gave no facts to show that the particular requirements of the code, which were in question, would create such a serious interference as to require equitable relief. Aside from the statement of general and unsupported conclusions, the case presented by the bill was the ordinary one of a criminal prosecution which would afford appropriate opportunity for 'the assertion of appellant's rights. So far as the bill disclosed, nothing more than a single prosecution was in contemplation, a point which the District Attorney emphasized by his disclaimer, on the hearing below, of any intention to institute any further prosecution against appellant until his rights, constitutional or otherwise, had been adjudicated in the pending criminal proceeding.

REORTS OF PROCEEDINGS ON SEVERAL APPEARANCES – ENTITLED CAUSE BEFORE THE HONORABLES LORRAIN MURPHY AND PAUL PAVLUS, judges of said court on dates listed below. (Transcripts are available dialogue below is accurate and verbatim)

April 19, 2024

THE COURT: We are calling Michael Mitchell present in the courtroom, is that you sir?

THE DEFENDANT: Yes mam.

STATE'S ATTORNEY DEGROOT: Judge this matter is up for discovery. I am tendering Mr. Mitchell in open court, and I would ask that he acknowledge the receipt of the documents.

THE COURT: Mr. Mitchell do you acknowledge of these items?

THE DEFENDANT: Unless he has the three-cell phone number the attack was recorded on I'm not. (Let the record show in a previous appearance the plaintiff requested the numbers and video footage from the complaining witness, they recorded the incident, plus 7 cameras).

THE COURT: You are held to the same standard as an attorney. If you want to detriment yourself by not taking all the reports that's on you. State, are there additional videos?

SA DEGROOT: Judge there are additional videos on our evidence website. (Let the record show I was not given instructions on how to retrieve those videos).

THE COURT: Mr. Mitchell there is an investigator here to let you watch the videos are you willing to sit down with the investigator?

THE PLAINTIFF: If he can put it so I can put it on my files.

THE COURT: They're obligated to tender to you what they have. (Let the record show they have not). Did you offer disc or anything?

SA DEGROOT: I do not plan to show him any videos on evidence.com. Other videos are protected by FOIA.

THE PLAINTIFF: If I can observe it and study it.

THE COURT: If you had a lawyer, the lawyer would get copies. (Not according to Brady vs Maryland)

THE PLAINTIFF: Judge it is the law I am supposed to have access.

THE COURT: What law? Hand me the law. Did you bring a copy of your law? Would the items you tendered today would that complete discovery?

SA DEGROOT: It would.

(SA DEGROOT was removed from the case after I put in a lawsuit to obtain full discovery)

MAY 10, 2024

(Judge Murphy was absent replaced by Judge Paul Pavlus)

THE COURT: We have a Pro Se attorney outside should we let him in here? "You can sue me if you want, I'm not going anywhere. Where are we today, State?"

STATE'S ATTORNEY DOOLEY: Judge we tried to tender discovery and it appears Mr.

Page 6 of 9

Mitchell has......

THE PLAINTIFF: I object to what it appears.

THE COURT: (Let the record show Judge Pavlus was looking at the SA) Go ahead. (He never ruled on my objection)

SA DOOLEY: It appears Mr. Mitchell FOI'D some videos. So, we have 3 hours to tender to him.

THE COURT: Mr. Mitchell are you going to accept discovery?

THE PLAINTIFF: I requested full discovery and according to Brady vs Maryland, I have not received it.

THE COURT: We are not honoring Brady vs Maryland. This is not my courtroom so I will let Judge Murphy resolve this issue when can you comes back? When can you appear?

THE PLAINTIFF: Whenever is fine with me.

THE COURT: August 9, 2024, by agreement.


August 9, 2024,

(Judge Murphy is back)

THE COURT: Mr. Mitchell are you willing to watch the videos?

PLAINTIFF: If the videos have uninterrupted time codes. If they have the source of where they are coming from, yes.

THE COURT: Why don't you want to watch the videos?

THE PLAINTIFF: Did they provide the source of where the videos came from, if not I don't need to watch it. (Let the record show I am expecting cell phone footage to be tendered. That footage contains a visual of the complaining witness hitting me.)

SA COSTA: There is four videos.

THE COURT: You don't have to put that on record. (Let the record show Judge Murphy tried to warn her). He can say whatever he wants then we can argue.

THE PLAINTIFF: I can answer right now. If there are only four videos, no need for me to watch it, because the complaining witness has seven cameras, one of which is pointed inside my daughter's bedroom.

THE COURT: Here is my point. What are you intending on using at trial? Is everything you intend to use at trial being made available for the defendant to watch?

SA Costa: It will be. Not today, some is today. We only get the investigator for one hour. I can't make available all, I don't know.

COURT: (Let the record show the judge and the SA were talking at the same time so the court reporter missed this question from the judge.) (Keep in mind Northern District all SAs originally said there were only 3 hours that would be tendered.) *How many hours of video do you have? *

SA COSTA: 15 hours.

THE COURT: Is it 15 hours? When you say that, he is going to take that you have 15 hours. (Let the record show I wasn't taken anything I knew there were more than 15 to be viewed.) You will have to get actual time and make it available to him.

SA COSTA: I spoke to my co-counsel about this, only video we would not be comfortable tendering to him.

THE COURT: Keep making that record, that is going to come back. That will get reversed. You can't say I am not comfortable giving the defendant video.

(Judge Murphy eventually recused herself.)

This court has a civil suit in this forum and because the audio video tapes will be used as evidence in both civil and criminal cases the state has created a Rule that because I'm not a lawyer I cannot have the discovery and I am Pro Se.

EX PARTE YOUNGER, 209 U.S. 123 and following cases have established the doctrine that when absolutely necessary for protection of constitutional rights the courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. (For the record being handcuffed after being attacked and imprisoned like a runaway slave, taken away from your family and being innocent, in modern day United States is irreparable loss both great and immediate.)

The court has the authority to issue an injunction to have the State turn over he discovery 380 U.S. .at 491, 492 similarity, in Cameron vs Johnson, 390 U.S. 611 (1968)

The Plaintiff is going to submit the following with the transcript.

The Plaintiff states when the court issue stay the case the discovery in State court has been denied ever since the civil suit.

The defendants are dealing with unclean hands. No chance of a fair trial.

WHEREFORE, the Plaintiff seeks the court to issue an injunction, have all parties suspended or arrested, because the constitution clearly states it is a crime to commit such acts, for violation of the constitution. These acts of obstruction are a direct act of depriving a person of their rights. These acts are all related to the civil litigation.

RESPECTFULLY SUBMITTED

MICHAEL MITCHELL

*[signature]*

March 27, 2025